UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jaime Ivan Duchi-Naula</u>

     v.                                  Civil No. 25-cv-247-LM

<u>E.L. Tatum, Jr.</u>

<u>O R D E R</u>

Despite efforts to expedite this proceeding, the court needs more time to review the law before hearing oral argument. To that end, the court cancels the hearing today and reschedules it for Monday, July 7, 2025, at 2:00 p.m. The Monday hearing shall occur in court, in person. With respect to whether the petitioner is no longer an "applicant for admission" on the basis of his SIJ status and is therefore no longer subject to mandatory detention under 8 U.S.C. 1225(b), counsel shall be prepared to address Sanchez v. Mayorkas, 593 U.S. 409 (2021), and Murillo-Chavez v. Bondi, 128 F.4th 1076, 1085 (9th Cir. 2025) (holding, in light of Sanchez, that the petitioner "was not admitted within the meaning of 8 U.S.C. 1101(a)(13)(A) when he was granted SIJ parole"). Regarding petitioner's due process claim, the parties shall be prepared to discuss whether, assuming petitioner remains an applicant for admission despite his SIJ status, he has a due process right to a bail hearing either because (1) his detention has become unreasonably prolonged despite lasting less than two months, <u>see, e.g.</u>, Alphonse v. Moniz, Civ. No. 21-11844-FDS, 2022 WL 279638, at *10-12 (D. Mass. Jan. 31 2022) (discussing factors to consider in determining whether detention has become unreasonably prolonged; noting that

"the total length of the detention" is "[t]he most important factor"); or (2) his SIJ status gives him a due process right to a bail hearing regardless of whether his detention has become unreasonably prolonged, cf. Joshua M. v. Barr, 439 F. Supp. 3d 632, 682-83 (E.D. Va. 2020) (staying removal of SIJ grantee who had been detained in excess of one year but directing parties to brief legality of ongoing detention where "case law does not appear to answer whether [the petitioner's] ongoing detention comports with the Due Process Clause"); Diaz-Calderon v. Barr, No. 2:20-CV-11235-TGB, 2020 WL 5645191 (E.D. Mich. Sept. 22, 2020) (holding that SIJ grantee was entitled to a bail hearing or release in the "unique circumstances where [he] is being detained indefinitely under no clear statutory authority"). Other than Rodriguez v. Perry, 747 F. Supp. 3d 911 (E.D. Va. 2024), which the petitioner places substantial reliance upon, the court is struggling to locate caselaw supporting the proposition that SIJ grantees who have not been admitted to the United States have a right to a bond hearing regardless of whether their detention has become unreasonably prolonged. The parties may submit briefs of no more than 5 pages addressed to the issues identified in this order by noon on July 6. Petitioner shall be transported for this July 7 proceeding.

    SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 3, 2025

cc:  Counsel of Record